**Hector Luis MATEO, Plaintiff**

**v.**

**Howard PHILLIPS, individually and as Supervisor for the Town of Haverstraw, Town Board of Haverstraw, New York, Defendants**

**No. 03 CIV. 9941(SCR).**

United States District Court, S.D. New York.

March 21, 2005.

Dennis E.A. Lynch, Dorfman, Lynch & Knoebel, Nyack, NY, for Plaintiff.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. Background

The factual and procedural history of this case was set forth in a companion order of this court, issued today in the matter of *Town of Haverstraw v. Barreras, et. al.,* 04 Civ. 6073 ("Condemnation Action"). For clarity, it bears repeating that this motion addresses an order to show cause, filed by Hector Luis Mateo (the "Plaintiff") in August 2004, alleging violations of his civil rights by the Town of Haverstraw ("Town") and Howard Phillips ("Phillips"), the Town Supervisor (Phillips and the Town are collectively referred to herein as "Defendants").

In particular, Mateo is seeking several forms of relief: 1) an order directing the Town to permit the issuance of a building permit for improvements to the property situated at 64 Ramapo Road, Garnerville, N.Y. (the "Property"); 2) an order consolidating this action with the Town's Condemnation Action; and 3) an order staying any condemnation proceedings of the Property.

### II. Analysis

#### A. Plaintiff's Request For An Order Directing Town To Permit The Issuance Of A Building Permit

Plaintiff is requesting an order directing the Town to permit the issuance of a building permit. Even assuming, without deciding, that Plaintiff both has standing to make this request and has exhausted all administrative remedies, Plaintiff has not made a showing sufficient to justify the award of such injunctive relief.

■ A party seeking a preliminary injunction must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor. *See, e.g., Genesee Brewing Co. v. Stroh Brewing Co.,* 124 F.3d 137, 142 (2d Cir.1997). Irreparable harm is "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Rodriguez v. De-Buono,* 162 F.3d 56, 61 (2d Cir.1998) (per curiam) (internal quotation marks omitted).

■ In this case, the Plaintiff has made no showing that this court's refusal to grant the relief he requests would result in immediate, irreparable harm that could not be remedied by damages. First, even if the court did order the Town to "permit" the issuance of a building permit, such an order would not, by definition, ensure that a building permit was ultimately issued by the Town. More fundamentally, there is no reason to believe that the Plaintiff's continued inability to renovate the Property would result in an immediate harm that could not be remedied by damages. This is particularly true when one considers the ongoing proceedings to condemn the Prop-

erty, and the compensation that the Plaintiff would be entitled to receive if that were to take place.[1]

Therefore, Plaintiff's request for a court order ordering the Town to permit the issuance of a building permit must be denied.

### B. Plaintiff's Request For An Order Consolidating This Action With The Condemnation Action

■ By its companion order, this court determined that it had no jurisdiction over the Condemnation Action and, as such, remanded it to the Supreme Court of the State of New York. Therefore, Plaintiff's request for consolidation must, by necessary implication, be denied

### C. Plaintiff's Request For An Order Staying Any Condemnation Proceedings

Plaintiff is seeking an order staying any condemnation proceedings involving the Property. But this court is not in a position to order such relief.

In *Younger v. Harris*, the United States Supreme Court established the principle that federal courts generally should not enjoin or interfere with ongoing state proceedings. 401 U.S. 37, 45, 91 S.Ct. 746, 27 L.Ed.2d 669(1971). In a later case, the Supreme Court established a three-part test for abstention in non-criminal state proceedings: (1) whether the state proceedings constitute ongoing state judicial proceedings; (2) whether the state proceedings implicate important state interests; and (3) whether state procedures are available that allow the plaintiff to raise his federal claim in state court. *See Middlesex County Ethics Comm. v. Garden*

State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). If all three factors are satisfied, the district court should abstain unless the state proceeding was commenced in bad faith, was filed for the purpose of harassing the plaintiff, or if other unusual circumstances warrant the court's intervention. *See Middlesex*, 457 U.S. at 435, 102 S.Ct. 2515.

■ With respect to the first prong, the Condemnation Action does constitute a judicial proceeding for the purposes of *Younger*. *See Broadway 41st Street Realty Corp. v. New York State Urban Dev. Corp.*, 733 F.Supp. 735, 742 (S.D.N.Y. 1990); *Didden v. Vill. of Port Chester*, 304 F.Supp.2d 548, 564 (S.D.N.Y.2004). Secondly, it is certainly true that the Condemnation Action, like all eminent domain proceedings, implicate important state interests. *See Broadway 41st Street Realty Corp.*, 733 F.Supp. at 742; *Didden*, 304 F.Supp.2d at 564.

Third, the Plaintiff will undoubtedly have the opportunity to raise his various federal claims and defenses in state court. New York's Eminent Domain Procedure Law ("EDPL") allows aggrieved persons to seek judicial review in the Appellate Division, and specifically defines the scope of review to include, *inter alia*, whether "the proceeding was in conformity with the federal and state constitutions" and whether "the proposed acquisition is within the condemnor's statutory jurisdiction or authority." *See* N.Y. CLS EDPL § 207.

Finally, although the Plaintiff has constitutional objections to the condemnation of the Property, these objections do not constitute bad faith, harassment or other circumstances which, in the context of *Younger*, would warrant federal intervention at

---

1. In addition, Plaintiff has not made a "clear" or "substantial" showing of likelihood of success, which is required where, as here, an injunction will alter, rather than maintain, the status quo. *See Tom Doherty Assocs. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir.1995). The court has no basis for determining whether applicable Town laws entitle Plaintiff to the building permit or permits that he is seeking.

this time. For a federal plaintiff to invoke the bad faith exception, the party bringing the state action must have had no reasonable expectation of obtaining a favorable outcome. *See Diamond D Constr. Corp. v. McGowan,* 282 F.3d 191, 199 (2d Cir.2002). One could not reasonably argue, based on the facts and allegations in this case, that the Condemnation Action was brought without reasonable expectation of a favorable outcome or to retaliate for or deter the exercise of constitutionally protected rights. *See Diamond D Constr. Corp.,* 282 F.3d at 199. *See also Huffman v. Pursue, Ltd.,* 420 U.S. 592, 611, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) (the bad faith/harassment exception to Younger abstention is "narrow").

Therefore, this court must abstain from issuing any stay of the Condemnation Action.

### III. Conclusion

For these reasons, Plaintiff's requests for relief, set forth in his Order to Show Cause, are DENIED.

It is so ordered.